Chief Justice Bibb
delivered the Opinion of the Court.
At the February term 1821, Robert Hendrick, had judgment, by default, against John W Cook, in an action of covenant for the conveyance of a lot in Bowlinggreen, contracted to have been conveyed to Byrd D. Hendrick, of whom Robert is assignee.
And during the same term, Cook exhibited his bill against Hendrick, to compel him to accept the title to the lot, and for perpetual injunction against the judgment at law.
Upon hearing, the judge decreed,perpetual injunction, and that Hendrick should accept the title which was tendered in the bill.
In Edwards vs. Handley. Hard. 602, the rule in equity is recognised, and in Oldham vs Woods, 3 Mon. 48, it in adjudicated and enforced, that a vendor who negligently and supinely suffer;1, a breach of his covenant for conveyance, and after damages at law assessed, applies to a court of equity, will not. be relieved, unless under peculiar and cogent reasons to except the case from the general rule.
The facts which are made out by allegation, confession and proof in this case, are as follow.
On the 5th June 1818, J W. Cook, executed his obligation to Byrd D. Hendrick, for the conveyance of the lot of ground of about an acre, in the town of Bowlinggreen, in six weeks; Byrd Hendrick immediately entered and used it for a brickyard, until he transferred the lot to his son about Dec. 1819; who continued the possession, digging and moulding brick on it.
On the 6th of Sept. 1830, Robert Hendrick received from Cook, an order drawn by Robert Slaughter, in favour of Cook, and an order drawn by Cook in favor of Robert Hendrick, on the trus *501 tees of the town fora deed to the lot. These orders Hendrick retained in his possession, out never applied to the trustees; but continued in the uninterrupted possession and use of the lot.
Where the vendee remains in the uninterrupted possession, and greatly impairs the value of the property, and the delay in making the conveyance is satisfactorily account for, and the deed is rendered immediately, on the action at law brought before demand, and after judgment, vendor promptly brings his bill tendering the conveyance, he shall be relieved.
Byrd D. Hendrick informed the son, that, the bond of Cook was in the hands of Mr Crutchfield in Danville, but upon writing to him, Robert was informed, after some delay and repetition of his request for the bond, that it was in the hands of Mr. Hopson in Bowlinggreen. Upon obtaining the bond, Robert procured an assignment from his father, on the 23d Sept. 1820.
Upon this assignment, Robert commenced suit at law, without having offered to return the orders for the deeds, without having been disturbed in his possession, and after having greatly injured the lot by digging the earth and making brick thereof.
Cook obtained the title to the lot from the trustees to Slaughter, and from Slaughter to himself, prepared a deed, and tendered the title to Hendrick, before the. verdict at law. Hendrick refused to accept the title, and went on to assess the damages by default. Very promptly thereafter Cook exhibited the bill and deed as before tendered, and prayed for relief.
The circuit judge very properly relieved against the judgment at law. The default of Cook, if default it can be called, is sufficiently accounted for. The bond was mislaid, or not in possession of Byrd or Robert Hendrick for a long time, and neither knew where it was. Cook had given to Hendrick the orders for a title, which were never presented however, and by retaining these, and continuing to use the lot and to dig and carry away the earth in bricks made on the lot, Hendrick lulled Cook into security. The means furnished by Cook and accepted by Hendrick and retained, it seems were sufficient to have obtained the title. An application to the. trustees was all that was required, and this Hendrick admits he never made. Moreover he has been in possession uninterruptedly, and has greatly impaired the value of the lot by the use.
Cook, after tendering the deed in his bill, died, and the suit being revived against his adm'r. only, the decree is for Hendrick to accept the deed.
If a deed be delivered to another as an escrew, and he tenders it to the party whom it is made to, who refuses it, bu the deed is left, it may be afterwards accepted without more done.
The peculiar circumstances were sufficient to call equitable jurisdiction of the court, even after the verdict at law. Hendrick after his continued possession of the property, which he had so used and damaged, after retaining the evidences of title which lie had received from Cook, ought not to be permitted to throw the property bark upon Cook, by force of the proceeding at law. The conduct of Cook, as well in furnishing the orders by which Hendrick might have obtained the title, as in tendering the title before the verdict, is satisfactory to sliow that lie was not wilfully nor negligently in default, nor seeking to await the assessmoif of damages, to make an election to pay them, or to convey, as might best comport with his own interest.
But Cook died before the decree, the suit was revived by the administrators only. Hence an objection has been raised, that the proper parties were not before the court, and that the decree that he should accept the deed tendered by Cook, is not a decree for a good title.
To the title as held by Cook in his life time, there is no objection. It is supposed that the deed tendered by Cook in his life time, but rejected, will not, when delivered and accepted according to the decree of the court, pass the title to Hendrick.
It must be remembered that the deed was duly executed by Cook on bis part and, tendered, but after. the refusal of Hendrick, Cook exhibited his bill in equity under oath, therein tendered this deed, and prayed that Hendrick might be compelled to accept it. This may be properly described as a delivery of the deed by Cook, upon condition, to take effect whenever the court should decree it, or Hendrick should accept it. It was a delivery in court, to the clerk of the court, as an escrow, to he delivered out to Hendrick, either if he would voluntary accept it, or if the court should order it. The condition has happened, the decree of the court has directed that to be done, which was the object, intent and purpose fur which Cook prayed in his bill and for which he delivered the deed up to the court.
If after the delivery of a deed to another, to be delivered to him to whom it is made when he shall come to town, and the maker of the deed die before, yet the deed is good afterwards delivered
When a deed is delivere as an escrew, to be good on conditions, when the conditions are performed, the deed has relation to the first delivery.
Where there are two deliveries, one stranger as an escrow, and afterwards to the party, the deed shall have relation too or the other, as very best maintain it.
*503 The question is, will the acceptance by Hendrick and the delivery of the deed under the decree, pass the title, seeing that Cook is dead in the between his delivery of the deed in court, and the delivery over to Hendrick.
In Viner’s abridgment, vol. 13, title fails or deeds, p 23,pl. 9, the case of Taw vs Bury, is reported thus: “A delivers a deed to B as an escrow, to deliver it to C, who refuses, upon which B leaves the deed, and afterwards C brings an action upon it, and held good.” The same reported in Dyer, 167, (b.)
This ease obviates any difficulty as to Hendrick’s refusals in or out of court, if the deed be now delivered, under the decree. Again, same book and page, pl. 7.
“If Í deliver an obligation or other writing unto a man as my deed, to deliver unto him to whom it is made, when he shall come to York, it is my deed presently, and if lie deliver it to him before he comes to York, yet I shall not avoid it; and if I die before he comes to York, and after he, cometh to York, and he delivered the deed unto him, if is clearly good, and my deed; and that it can not be if it were not my deed before my death;” and for the same doctrine, Perkins; §. 143, is cited.
In Shepherd’s Touchstone, (deed) ch. 4 p. 59, speaking of deeds delivered to a stranger as an escrow’, until conditions be performed, and then to be delivered over to him (o whom the deed is made; it is said “when the conditions and performed and the deed is delivered over, then the deed shall take as much effect, as if delivered immediately to the party to whom the deed is made, and no act of God or man, can hinder this (Feet then, if the party that doth make it, be not at the time of making thereof, disabled to make it,”
Page 72, speaking of deeds and relation, the same author says: — “And where deeds have a kind of double delivery, as in case of a delivery as an escrow, there they shall take effect from, and have relation to, the time of the first delivery, or not, utres *504 valeat: for if the relation may hurt, and for some cause make it void, as in some cases it may) there if shall not relate: but if the relation may help it, as in case a feme sole delivers a deed as an escrow, and before the second delivery she is married or dieth, in this case, if there were not a relation, the deed would be void, and therefore in this case it shall relate.” The same doctrine is resolved in Butler and Baker’s case, 5 Coke 35. And in Perryman’s case, 5 Coke 84, if is said, that “if a matt delivers a writing as an escrow, and afterwards the obligor or obligee dies, and afterwards the condition is performed, the deed is good, for there was, traditio inchoata, in the life time of the parties; sed postea consummata existens by the performance of the condition, take its effect by force of the first delivery; so in Jennings vs Bragg, Cro. Eliza. 447.
Where a person exhibits and tenders a deed in his bill to his adversary, and dies, and the suit is revived against his adm'r, the court may decree the defendant to account the deed, and it will have relation to the time of the tender in the bill.
Mayes, for plaintiff; Crittenden, for defendant
The deed of Cook, made and carried into court subject to the decree of the court, will be good, and take effort upon the second delivery (under that decree) by relation to the first delivery by Cook, and so it is consummated by relation. The heirs will be unnecessary parties, because the title passed by the deed of their ancestor. The heirs not taking by descent, no creditor of Cook can, reach the for by judgment against his heirs. Hendricks being in possession, will have a deed good against all the world; a deed acknowledged in the most solemn form, by tender and production in court and decreed upon so that Hendrick may ever after use his deed upon the. production of the record of this suit, without further proof. The play would not he worth not be worth the candle, if the suit were remanded for the purpose of making the heirs of Cook, parties.
The decree is affirmed with costs.